IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT DAUGHERTY,

   Plaintiff,

              v.

WALGREEN CO. and SUNBEAM
PRODUCTS, INC.,

   Defendants.

Civil Action No.
1:21-cv-02032-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant Sunbeam Products, Inc.'s (Sunbeam) motion to dismiss [ECF 18] Plaintiff Robert Daugherty's Amended Complaint [ECF 13]. After careful consideration of the parties' briefing, the Court **GRANTS** Sunbeam's motion.

**I.    BACKGROUND**

The following facts are treated as true for purposes of this motion.[1] On or around May 13, 2019, Daugherty was injured when a heating pad, sold by Defendant Walgreen Co. (Walgreen) and manufactured by Sunbeam, burnt his

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

face and neck.[2] Daugherty fell asleep with the heating pad around his neck and shoulders and discovered his injuries after waking three hours later.[3] Daugherty purchased the heating pad from a Walgreen's store in DeKalb County, Georgia.[4] The box and packaging of the heating pad represented the product as a Walgreen-brand heating pad.[5] Daugherty alleges that Walgreen is the sole entity named on the product or within its packaging.[6]

On May 13, 2021, Daugherty, a citizen of DeKalb County, Georgia, filed suit in this Court against Walgreen, a citizen of Illinois, pursuant to 28 U.S.C. § 1332.[7] Daugherty filed his Complaint on the final day of the two-year Georgia statute of limitations period for personal injury claims.[8] His Complaint asserted claims for strict products liability, negligence, and breach of implied and express warranties.[9]

---

[2]  ECF 13, ¶¶ 11, 16–17.

[3]  *Id.* ¶¶ 10–13.

[4]  *Id.* ¶ 15.

[5]  ECF 24, ¶¶ 2, 6–7.

[6]  *Id.*

[7]  ECF 1, ¶¶ 1–5.

[8]  *Id.*

[9]  *Id.* ¶¶ 24–45.

At the time of filing his initial Complaint, Daugherty mistakenly believed Walgreen to be the manufacturer of the heating pad.[10] However, on September 28, 2021, 138 days after the expiration of the statute of limitations, Daugherty discovered that Sunbeam was in fact the manufacturer of the product.[11] Daugherty learned this information via communications with Walgreen's attorneys.[12]

On October 13, 2021, Daugherty filed an Amended Complaint adding Sunbeam, a citizen of Florida, as a defendant to its claims.[13] Sunbeam was properly served with the amended pleading, and responded by moving to dismiss Daugherty's claims as barred by Georgia's two-year statute of limitations.[14] Daugherty filed a response in opposition to Sunbeam's motion,[15] to which Sunbeam replied.[16]

---

[10] ECF 13, ¶¶ 17–18.

[11] *Id.*

[12] *Id.*

[13] *Id.* ¶¶ 24–45.

[14] ECF 18, at 2.

[15] ECF 24.

[16] ECF 27.

**II.    LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (cleaned up). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 680–85 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir.

2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### III. Discussion

Under Georgia law, the statute of limitations for personal injury claims is two years from the date of the injury. O.C.G.A. § 9-3-33. This means that the limitations period for Daugherty's claims expired after May 13, 2021, the day he filed his initial complaint against Walgreen. Thus, Daugherty's claims against Sunbeam are time-barred under Georgia law unless he can show that they relate back to the date of his initial pleading.

The Eleventh Circuit has held that, in diversity actions, federal courts should "apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." *Saxton v ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001) ("Because [the plaintiff's] claims are all state law claims and federal jurisdiction…is based on diversity of citizenship, [state] law provides the applicable statute of limitations.") In Georgia, an amendment adding a defendant relates back to the date of the initial pleading if: (1) the amended pleading arises out of the same conduct, transaction, or occurrence as the original pleading; (2) the proposed defendant received notice of the action within the statute of limitations period; *and* (3) the proposed defendant "knew or should have known that, but for

a mistake concerning the identity of the proper party, the action would have been brought against them." O.C.G.A. § 9-11-15(c); *see Oconee Cnty. v. Cannon*, 310 Ga. 728, 732–33 (2021) (emphasis added).

### A. Daugherty's Claims Against Sunbeam Are Barred by the Applicable Statute of Limitations.

The parties do not dispute that the amended pleading arises out of the same conduct, transaction, or occurrence as the original pleading. Rather, Sunbeam's motion turns on the final two prongs. Accordingly, to survive the bar of Georgia's statute of limitations, Daugherty must show that, at some point between May 13, 2019 and May 13, 2021, Sunbeam (1) received notice of this action, and (2) knew that the case would have been brought against it but for a mistake concerning its identity. *See Oconee Cnty.*, 310 Ga. at 732–33.

Sunbeam claims that Daugherty 's Amended Complaint, filed long after the statute of limitations expired, was its first notice of the existence of this action.[17] In his response, Daugherty fails to argue that his Amended Complaint sufficiently alleges notice.[18] *Bailey v. Kemper Grp.*, 182 Ga. App. 604, 606 (1987) ("[T]o invoke [the relation back statute], [plaintiff's] complaint necessarily had to contain an

---

17   *Id.*

18   ECF 24, at 6-12.

allegation that the named defendant was on notice.") Rather, Daugherty's argument focuses almost exclusively on the final prong of the relation-back statute.[19] Although Daugherty raises several arguments as to why this prong might be satisfied, it is not alone sufficient to satisfy the statute. *See Pate v. Michelin N. Am., Inc.*, No. 1:15-CV-2425-CAP, 2015 WL 12086090, at *2 (N.D. Ga. Sep. 8, 2015). Daugherty's claims against Sunbeam are "barred by the statute of limitations unless *all* the provisions in O.C.G.A. § 9-11-15(c) are satisfied." *Id.* (emphasis added).

Because Daugherty failed to allege or argue anything that might permit this Court to conclude that Sunbeam had notice of his claims during the limitations period, the statute of limitations cannot relate back to the date of the original complaint to add Sunbeam as a defendant under § 9-11-15(c). *Bailey,* 182 Ga. App. at 606. Additionally, Daugherty's alleged facts do not "raise a reasonable expectation that discovery will reveal evidence" that Sunbeam had notice of this action within the statutory period. *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

---

[19]   *Id.*

### B. Daugherty Does Not Qualify for Equitable Tolling.

Alternatively, Daugherty argues that he qualifies for the protections of equitable tolling and may thus sue Sunbeam notwithstanding the expiration of the statute of limitations.[20] The doctrine of equitable tolling allows plaintiffs to bring suit after the expiration of the statute of limitations, "provided they have been prevented from doing so due to inequitable circumstances." *Bryant v. Mortg. Capital Res. Corp.*, 197 F. Supp. 2d 1357, 1367 (N.D. Ga. 2002). To qualify for equitable tolling, a plaintiff "must show: (1) [the defendant] engaged in a course of conduct designed to conceal evidence of its alleged wrongdoing; (2) plaintiffs were not on actual or constructive notice of that evidence; and (3) plaintiffs exercised due diligence." *Id.*

Daugherty's Amended Complaint does little more than offer conclusory allegations that Sunbeam's identity was "shrouded by [a] veil of fraudulent concealment" which prevented him from filing suit within the limitations period. *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 836 (11th Cir. 1999). Daugherty's claim that "Walgreen's obviously had an agreement with Sunbeam . . . to conceal Sunbeam from being disclosed as the manufacturer" is purely

---

[20] ECF 24, at 13.

speculative and not backed by any factual allegations.[21] Moreover, Daugherty's filings are devoid of anything that might "raise the reasonable expectation" that indications of an agreement to conceal Sunbeam's identity will appear in discovery. *Am. Dental Ass'n*, 605 F.3d at 1289.

Even if Daugherty could sufficiently allege fraudulent concealment, he is not "protected from the expiration of claims the factual basis for which [he] could and should have discovered through the exercise of due diligence." *Morton's Market, Inc.*, 198 F.3d at 836. The Eleventh Circuit has held that, "in deciding whether the statute should be tolled, it must be determined whether a reasonably diligent plaintiff would have discovered the fraud." *Id.* (citations and punctuation omitted). In arguing that he meets the due diligence requirement, Daugherty simply declares that he engaged in "diligent research" and that this failed to reveal Sunbeam's existence.[22] The Court cannot conclude that Daugherty acted as a "reasonably diligent plaintiff" merely from this conclusory declaration. *Bryant*, 197 F. Supp. 2d at 1367.

Finally, Daugherty argues that he qualifies for equitable tolling because it would be "harsh and unfair" to dismiss his claims against Sunbeam on a

---

21   ECF 24, ¶ 14.
22   *Id.* ¶ 10.

"technicality."[23] The Georgia statute of limitations for personal injury claims is hardly a technicality. It exists to prevent causes of action from looming over potential defendants for indefinite periods of time. Daugherty may not avail himself of the protections of equitable tolling on this ground.

## IV.   CONCLUSION

Sunbeam's motion to dismiss [ECF 18] is **GRANTED.** Sunbeam is **DISMISSED** as a defendant in this case.

**SO ORDERED** this 20th day of July, 2022.

Steven D. Grimberg
United States District Court Judge

---

[23]   *Id.* at 14.